UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| HERBERT BROWN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-2195 (RMU) |
| | : | | |
| v. | : | Document No.: | 20, 22 |
| | : | | |
| DISTRICT OF COLUMBIA, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on defendants' motions to dismiss. Having considered defendants' motions, plaintiff's opposition, and the entire record of this case, the Court will grant the motions.

**I. BACKGROUND**

The plaintiff is a District of Columbia prisoner who currently is incarcerated at a Federal Correctional Institution in Pennsylvania. He brings this action against the District of Columbia, officials and employees of the District of Columbia Department of Corrections ("DOC"), the Corrections Corporation of America ("CCA"), various CCA employees at the Northeast Ohio Correctional Center, and the former Attorney General of the United States.

Following his conviction of unspecified criminal offenses, in 1991, the plaintiff was incarcerated at the DOC's Lorton Correctional Complex, Occoquan Facility. Compl. ¶ 12. Five years later, the plaintiff's health "began to drastically deteriorate," and he allegedly suffered

1

"lower stomach pains, sever[e] headach[e]s, chest pains, lower back pains and pain in the Plaintiff[']s Private parts (Penis) a[]s well as locked bowels constipation." *Id.* ¶ 13.  His "eye's [sic] turned yellow and Plaintiff lost his appetite." *Id.*

The plaintiff alleges that he submitted "a total of (5) or more sick call slips" to Occoquan staff, and that he "was seen several times to no avail by all medical staff members mentioned in this complaint from the District of Columbia whom Plaintiff requested medial assistance concerning his illness's [sic] and his failing health." *Id.* ¶ 14-15.  He further alleges that he "was intentinally [sic] delayed and denied medical treatment . . . for a total of (90) ninety days until[] Plaintiff was near death." *Id.* ¶ 16.  A doctor at the Occoquan Facility later "diagnosed the Plaintiff as suffering from gallstones." *Id.* ¶ 17.  The failure of DOC medical staff to diagnose and provide proper medical treatment, due to their alleged negligence, caused the plaintiff to "suffer from inflamation of the Liver, which turned into and caused Jaundice, Due to the lack of treatment and un-diagnosed and untreated gallstones." *Id.* ¶ 19.  After having undergone surgery to remove the stones, the plaintiff returned to Occoquan in June 1996.  *Id.* ¶¶ 22-23.

In subsequent months, the plaintiff allegedly suffered from food poisoning, more gallstones and open sores on his skin.  Compl. ¶¶ 29-35.  On these various occasions the defendants allegedly failed to provide prompt medical treatment.  *Id.* ¶ 36.  After his transfer to the Northeast Ohio Correctional Center in 1997, its operator, CCA, allegedly failed to provide the plaintiff with medical treatment for diabetes, among other conditions.  *Id.* ¶ 37.  After his arrival at FCI Allenwhood, the plaintiff learned that he had contracted hepatitis.  *Id.* ¶ 39.

The plaintiff alleges that defendants were negligent in failing to diagnose and treat his medical conditions, and that defendants denied him adequate treatment for his serious medical

needs in violation of the Eighth Amendment to the United States Constitution.  *See* Compl. ¶¶ 43 – 47.  He demands compensatory and punitive damages.

## II.  ANALYSIS

### A.  Standard of Review

The defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief can be granted.  A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45 – 46 (1957).  The ruling on a motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The factual allegations of the complaint must be presumed to be true and liberally construed in plaintiff's favor.  *See, e.g., United States v. Phillip Morris, Inc.,* 116 F.Supp. 2d 131, 135 (D.D.C. 2001).  The Court, however, is not obligated to draw an inference that is not supported by the facts presented. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### B.  The Individual Defendants Upon Whom Service of Process Was Not Executed Will Be Dismissed as Parties to this Action

Plaintiff brings this action against the individual defendants under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See* Compl. (Caption).  Rule 4 of the Federal Rules of Civil Procedure requires personal delivery of the summons and complaint on each individual defendant.  *See* Fed. R. Civ. P. 4(d)(1); *Huskey v. Quinlan*, 785 F.Supp. 4, 5-6

(D.D.C. 1992).  "The failure, therefore, to perfect individual service is fatal to a *Bivens* action." *Pollack v. Meese*, 737 F.Supp. 663, 666 (D.D.C. 1990).

Review of the Court's docket indicates that most of the individual defendants to this action have not been served with process.  Service was attempted but not executed on defendants Taylor, Marzban, Sorem, Ferry, Park, and Easted, all of whom appear to be former employees of the District of Columbia Department of Corrections.  *See* Dkt. #6-11.  Defendant Ashcroft was served in his official capacity, but was not served personally.  *See* Dkt. #15.  Summonses were not issued for defendants Gibson, Warfield, Adams, Perryman, Sims, Bass, Goodrich, and Cerimele, all of whom appear to be CCA employees assigned to the Northeast Ohio Correctional Center.  Absent proper service, the Court lacks personal jurisdiction over these defendants in their individual capacities.  *Huskey v. Quinlan*, 785 F.Supp. at 6.  Accordingly, the *Bivens* claims will be dismissed.

### C.  Plaintiff Fails to State an Eighth Amendment Claim Upon Which Relief Can Be Granted

A successful Eighth Amendment claim must satisfy both parts of a two-pronged test. *Pryor-El v. Kelly*, 892 F.Supp. 261, 266 (D.D.C. 1995).  A plaintiff first must show that the alleged deprivation is sufficiently serious to be considered cruel and unusual.  A medical need is serious if it either is diagnosed by a physician as mandating treatment or is so obvious that a lay person easily would recognize the necessity of a doctor's attention.  *Cox v. District of Columbia*, 834 F. Supp. 439, 441 (D.D.C. 1992).  A plaintiff next must allege that a government official acted with a sufficiently culpable state of mind.  *See Wilson v. Seiter*, 501 U.S. 294 (1991).  A claim of deliberate indifference under the Eighth Amendment must allege that the defendant

subjectively was aware of the excessive risk to plaintiff's health or safety posed by his action or inaction. A "prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). By these standards, the plaintiff fails to state an Eighth Amendment claim upon which relief can be granted.

The complaint adequately alleges that the plaintiff's medical needs are serious. However, the complaint also shows that the plaintiff received medical attention. The plaintiff concedes that he was seen several times in response to his complaints of stomach pains, headaches, loss of appetite and other symptoms preceding the diagnosis of gallstones. *See* Compl. ¶ 15. Further, Occoquan staff provided medical attention when the plaintiff reported symptoms of food poisoning, more gallstones and open sores on his skin. *See id.* ¶¶ 28, 31 – 32. With regard to medical attention at CCA's Northeast Ohio Correctional Center, the plaintiff states that he received medication to treat diabetes. *Id.* ¶ 37. Although there may have been delays in rendering treatment, displeasure as to the quality of treatment, or disagreement about the course of treatment, the plaintiff's complaint makes clear that indeed he received treatment. Negligence does not rise to the level of deliberate indifference to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("Medical malpractice does not become a

constitutional violation merely because the victim is a prisoner").[1]

Even if the plaintiff had stated a cognizable Eighth Amendment claim against the District of Columbia, he does not establish the District's liability.  Although the District of Columbia is obliged to provide medical care for the prisoners in its custody, *see Estelle v. Gamble*, 429 U.S. at 103-04, the District cannot be held liable for monetary, declaratory or injunctive relief under 42 U.S.C. § 1983 unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 (1978). The plaintiff neither makes such an allegation in his complaint, nor can one be gleaned from a liberal reading of it.

Furthermore, the District of Columbia cannot be held liable under § 1983 simply because of the action or inaction of persons in its employ.  A municipality "cannot be held liable solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691.  Nor is a public official vicariously liable for the actions of his subordinates.  *See Arnold v. Moore*, 980 F.Supp. 28, 35-

---

[1] The plaintiff does "allege[] the Tort of Medical Negligence," Compl. at 7, and also cites D.C. Code § 24-442 (now codified at D.C. Code § 24-211.02 (2001)), a provision which generally charges the District of Columbia Department of Corrections with responsibility for the safekeeping and care of inmates in its custody.  *See Herbert v. District of Columbia*, 716 A.2d 196, 198 (D.C. 1998) (D.C. Code § 24-442 "encompasses the common law rule, which requires prison authorities and employees to exercise reasonable care" in carrying out the Department of Corrections' statutory responsibility for the safekeeping, care, and protection of persons committed to its institutions).  The plaintiff's claims for relief under District of Columbia law are more appropriately adjudicated in the Superior Court of the District of Columbia.  *See Pryor-El v. Kelly*, 892 F.Supp. 261, 268 (D.D.C. 1995).  Furthermore, because the Court will dismiss the Eighth Amendment claim over which it has original jurisdiction, the Court will not exercise supplemental jurisdiction over the plaintiff's claim based on District of Columbia law.  28 U.S.C. §1367(c)(3); *see, e.g., Jenkins v. Gov't of the District of Columbia*, No. 94-0995, 1996 WL 440551 *5 (D.D.C. Jul. 26, 1996) (declining to exercise jurisdiction over a claim alleging the breach of duty owed to prisoners under D.C. Code § 24-442 because plaintiff failed to allege a federal claim).

36 (D.D.C. 1997) (citing *Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C. Cir. 1987)) (holding that high level public officials are not employers of their subordinates; rather, they are fellow government servants, and cannot be held liable on the basis of *respondeat superior*).

When a private corporation is acting under contract with the District of Columbia government to operate a correctional institution, Section 1983 liability depends on the plaintiff's ability to allege that his injury is the result of a "custom or policy" of the private corporation. *Gabriel v. Corrections Corp. of America*, 211 F. Supp. 132, 138 (D.D.C. 2002). Plaintiff, then, must allege that his rights were violated as a result of a CCA custom or policy, not merely through the acts or omissions of its employees. As with a municipal corporation, a theory of *respondeat superior* will not suffice. The plaintiff fails to allege any such policies or customs in his complaint. The complaint thus fails to establish CCA's liability for any of plaintiff's alleged harms.

The plaintiff also fails to show that the remaining individual defendants are in any way liable for the alleged constitutional violations plaintiff suffered. There are no allegations in defendants Williams, Washington, York and Ashcroft personally were involved in the decisions that adversely affected plaintiff's rights. *See Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (dismissing the plaintiff's *Bivens* action against the Attorney General and the Director of the BOP for failure to state a claim where the plaintiff "provided no factual allegations whatsoever to support his claims against these [defendants]"); *Zakiya v. United States*, 267 F.Supp.2d 47, 56 (D.D.C. 2003).

### III. CONCLUSION

The Court concludes that the plaintiff fails to state an Eighth Amendment claim upon

which relief can be granted.  Accordingly, the Court will grant the defendants' motions to dismiss.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                                   /s/
                                  RICARDO M. URBINA
                                  United States District Judge